# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ALVIN DARRELL SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES, *et al.,*<br><br>            Defendants. | Case No. 5:20-cv-01015-JFW (AFM)<br><br>**ORDER TO PAY THE FILING FEES OR SHOW CAUSE PURSUANT TO 28 U.S.C. § 1915(g)** |

On May 11, 2020, plaintiff, proceeding *pro se*, lodged for filing a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Plaintiff is a federal prisoner presently incarcerated at USP Victorville, in Adelanto, California.  The Complaint was not accompanied by a Request to Proceed Without Prepayment of Filing Fees or *in forma*

---

[1]  Plaintiff mentions Section 1983, but the pleading fails to indicate what legal claims plaintiff is raising.  Plaintiff, however, is a federal prisoner and is suing federal employees on claims regarding the conditions of his confinement in federal prison.  To the extent that plaintiff is seeking damages, his claims are appropriately brought under *Bivens*.  *See, e.g., Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017).  To the extent that plaintiff is seeking prospective injunctive relief, such claims against the United States would arise under the Federal Tort Claims Act ("FTCA").  *See, e.g., Osborn v. Haley*, 549 U.S. 225, 229-32 (2007) (the United States is the proper defendant under the FTCA for claims that a federal employee committed a tort within the scope of his or her employment).

*pauperis* ("IFP"), and plaintiff did not pay the filling fees.  In this action, plaintiff names as defendants the United States, Warden Martinez, Dr. Mether, PA Esitimmi, and HAS Perkins.  (ECF No. 1 at 1.)  It is not clear what claims plaintiff is purporting to raise, but he states "medical emergency" on the top of his pleading and entitles the pleading "Motion for Preliminary Injunction and Declaratory Relief."  (ECF No. 1 at 1.)  Plaintiff seeks a "preliminary injunction" to "compel authorities to handle their responsibilities" toward plaintiff.  (*Id.* at 1-2.)  Plaintiff, however, did not file a separate memorandum of points and authorities demonstrating his entitlement to provisional injunctive relief as is required pursuant to Local Rule 7-5(a).

Pursuant to 28 U.S.C. § 1915A, the Court has screened the pleading to determine whether plaintiff's Complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Section 1915A requires the Court to screen any "complaint in a civil action" if, at the time the plaintiff files the complaint, he or she is a prisoner seeking "redress from a governmental entity."  *See* 28 U.S.C. § 1915A(a); *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017).

A review of past civil actions filed by plaintiff in this Court and in other United States Courts reflects that plaintiff is subject to the provisions of 28 U.S.C. §1915(g). Pursuant to §1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Such dismissal is deemed a "strike." The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same

interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)).  In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g).  *See O'Neal v. Price*, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike).

A plaintiff may proceed IFP in a civil action after having accumulated three strikes only upon a showing that he or she was "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The availability of the "imminent danger" exception "turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time."  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added).  Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status."  *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015).

The Court takes judicial notice of the following prior civil actions filed by plaintiff in the District Courts nationwide that qualify as strikes for purposes of §1915(g).  *See* Fed. R. Evid. 201(b)(2), (c)(1):

(1) *Smith v. U.S. Attorney General*, United States District Court for the Middle District of Pennsylvania, Case No. 15-01672 (dismissed action as frivolous pursuant to 28 U.S.C. § 1915(e)).

(2) *Smith v. Conley*, United States District Court for the Southern District of West Virginia, Case No. 02-00184 (dismissed action for failure to state a claim upon which relief may be granted and found that the dismissal constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g)).

(3) *Smith v. Mahoning Cty Child Support Enforcement Agency*, United States District Court for the Northern District of Ohio, Case No. CV 98-02850

(dismissed action as legally frivolous pursuant to 28 U.S.C. § 1915(e)).

(4) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-01901 (dismissed action for failure to state a claim upon which relief may be granted).

(5) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-01987 (dismissed action for failure to state a claim upon which relief may be granted).

(6) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-01988 (dismissed action for failure to state a claim upon which relief may be granted).

(7) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-02484 (dismissed action for failure to state a claim upon which relief can be granted).

(8) *Smith v. District of Columbia*, United States District Court for the District of Columbia, Case No. 97-02485 (dismissed action for failure to state a claim upon which relief may be granted).[2]

Accordingly, because plaintiff had already accumulated more than three strikes before he initiated this action, plaintiff is precluded from proceeding IFP herein unless he can show that, **at the time he mailed the Complaint to the Court for filing**, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g); *see Andrews*, 493 F.3d at 1053.

Plaintiff's Complaint appears to allege that he was transferred to USP Victorville on March 6, 2020. (ECF No. 1 at 3.) Plaintiff does not set forth any

---

[2] In addition to the above cases, other courts have found that plaintiff has accumulated three or more strikes within the meaning of Section 1915(g). *See, e.g., Smith v. District of Columbia*, 182 F.3d 25 (D.C. Cir. 1999) (holding plaintiff was not entitled to proceed IFP on appeal because he had three strikes within the meaning of Section 1915(g)); *Smith v. Samuels*, United States District Court for the Central District of California, Case No. 14-01713 (revoking plaintiff's IFP status because plaintiff had accumulated more than three prior strikes and citing other cases).

factual allegations in the Complaint raising a reasonable inference that the delay in receiving a previously prescribed special diet, a "muscle rub," a back brace, or gloves for use with his wheel chair (*see id.* at 4) following his transfer between federal prisons placed plaintiff in "imminent danger of serious physical injury."  Plaintiff alleges that he had surgery on his toe on March 13, 2020 (*id.* at 3), but plaintiff does not allege that any serious medical issue other than weight loss occurred since that surgery and before he filed this action.  Plaintiff raises conclusory allegations of "neglect" by unspecified prison officials for several days prior to his surgery, and he alleges that his weight dropped from what he characterized as his "normal weight" of 225 pounds, but plaintiff does not allege that his surgery or his weight loss placed plaintiff's health in imminent danger in May.  (*Id.* at 3-4, 6.)  Attached to the Complaint is a form entitled "Inmate Request to Staff," which plaintiff dated April 30, 2020, in which plaintiff sought refills on his "prescriptions."  The prescriptions that plaintiff requested included a "high protein diet, a "muscle rub" to treat his "degeneration [sic] siactic [sic] nerve pain," gloves, and a back brace.  (*Id.* at 5).  The factual allegations in the Complaint fail to raise a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he lodged this action for filing.

The Court, however, must allow a prisoner the opportunity to be heard on the matter before denying a request to proceed IFP or dismissing an action pursuant to 28 U.S.C. §1915(g).

~~~

IT THEREFORE IS ORDERED that, on or before June 18, 2020, plaintiff shall show cause in writing:

(1) why his prior cases should not be considered strikes pursuant to 28 U.S.C. §1915(g),

(2)  why leave to proceed IFP should not be denied, and

(3)  why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In the alternative, plaintiff is advised that he may avoid dismissal of this action and allow the Court to screen the claims raised in his Complaint pursuant to 28 U.S.C. § 1915A if he pays the full filing fees by the date set forth above.

**Plaintiff's failure to respond to this Order to Show Cause in writing or to pay the full filing fees will be deemed to be plaintiff's consent to the dismissal of this action without prejudice.**

DATED:  5/18/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE